\*\* E-filed October 18, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OLGA URISTA, | No. C1-03097 HRL |
| Plaintiffs,<br>v. | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |
| BANK OF AMERICA, N.A., BAC HOME LAONS SERVICING, LP, EDRINA PAVEL, CALCOUNTIES TITLE NATION, JANET DORAN, and DOES 1-10, | [Re: Docket No. 9] |
| Defendants. | |

Plaintiff Olga Urista filed the instant action in Santa Clara County Superior Court for alleged predatory lending practices in connection with her home mortgage. The complaint asserts a claim for violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., as well as several state law claims for relief. Defendants timely removed. Pursuant to 28 U.S.C. 1447(c), plaintiff Urista filed a Motion to Remand. All parties have expressly consented that all proceedings in this action may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. The court heard oral argument on this motion on October 4, 2011. Upon consideration of the moving papers and oral argument, the court finds that the plaintiff has not offered adequate grounds to remand this case and therefore DENIES the motion.

Ordinarily, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392

(1987). Thus, "the plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. Plaintiff Urista pled a TILA claim in her complaint. Complaint ¶¶ 55-59. Yet in her motion to remand, plaintiff argues that removal is improper because (1) state law predominates; (2) removal would result in needless conflict between state and federal courts; and (3) concurrent jurisdiction in the state courts precludes removal. The court finds that none of these assertions are well-founded.

### A. Whether State Law Predominates

Where state issues predominate and all federal claims are dismissed before trial, "the proper exercise of discretion requires dismissal of the state claims." Wren v. Sletten Constr. Co., 654 F.2d 529, 536 (9th Cir. 1981). The text of 28 U.S.C. §1441(c) does not authorize the remand "of claims arising under federal law which are properly removed and which fall within the district court's subject matter jurisdiction." Kabealo v. Davis, 829 F. Supp. 923, 926 (S.D. Ohio 1993). Plaintiff's only argument is that since "most" of her claims are based on state law, remand is improper. Docket No. 9, p. 7. Plaintiff cites no legal authority for this claim, and the court is not aware of any authority that would justify remand on these grounds.

### B. Whether Removal Would Cause "Needless Conflict"

Plaintiff offers no authority to explain this argument for remand, and the court is not aware of any authority that would justify remanding the action. If plaintiff intends to invoke Burford abstention, she is mistaken in doing so. See Burford v. Sun Oil Co., 319 U.S. 315, 331 (1943). Burford abstention is only appropriate in extraordinary circumstances, where "complex state administrative processes" are present and the case either poses difficult questions of state law bearing on policy problems of substantial import, or federal adjudication would disrupt state efforts to establish a coherent state policy to a matter of significant public concern. New Orleans Public Service, Inc. v. Council of the City of New Orleans, 491 U.S. 350, 361-62 (1989). The instant case does not present any issues that could reasonably be viewed as meriting abstention under this doctrine, and the court declines to abstain on these grounds.

### C. Whether Concurrent State Court Jurisdiction Precludes Removal

2

"The grant of concurrent jurisdiction is . . . not an express provision against removal and to read it as such would represent an artificial and strained interpretation of congressional intent." McConnell v. Marine Engineers Beneficial Assoc. et al., 526 F. Supp. 770, 772 (N.D. Cal.1981); see also Emrich v. Touche Ross & Co., 846 F.2d 1190 (9th Cir. 1988) ("Since Congress has specifically prohibited removal in certain areas of concurrent jurisdiction, its omission or failure to do so in others indicates that federal removal jurisdiction is retained" (citing McConnell, 526 F. Supp. at 772). Governing case law in this district directly contradicts plaintiff's argument.

Therefore, the court finds that plaintiff has made no supportable argument for remand and DENIES her motion.

**SO ORDERED.**

Dated: October 18, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1  **C10-03097 Notice will be electronically mailed to:**

2  Andrea McDonald Hicks         hicksa@bryancave.com, angela.howard@bryancave.com,
                                 dominic.sims@bryancave.com
3  Christina Yu                  christinay@hhlawgroup.com, katiec@hhlawgroup.com
   Joseph Vincent Quattrocchi    quattrocchij@bryancave.com, batese@bryancave.com,
4                                grace.wayte@bryancave.com, janette.palaganas@bryancave.com
   Patricia Ann Boyes            patricia@boyeslegal.com
5  Stuart Winston Price          swprice@bryancave.com, brenda.vaziri@bryancave.com,
                                 holly.ottiger@bryancave.com
6  Jean Claire Wilcox            jeanw@hhlawgroup.com

7

8  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**