\*\* E-filed October 18, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OLGA URISTA,<br><br>    Plaintiffs,<br>v.<br><br>BANK OF AMERICA, N.A., BAC HOME LAONS SERVICING, LP, EDRINA PAVEL, CALCOUNTIES TITLE NATION, JANET DORAN, and DOES 1-10,<br><br>    Defendants.<br>_____/ | No. C1-03097 HRL<br><br>**ORDER (1) GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS, (2) GRANTING DEFENDANT CALCOUNTIES' MOTION TO DISMISS, (3) DENYING DEFENDANT BANK OF AMERICA'S MOTION TO STRIKE, (4) GRANTING IN PART AND DENYING IN PART DEFENDANT BANK OF AMERICA'S REQUEST FOR JUDICIAL NOTICE, AND (5) DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>[Re: Docket No. 10, 12, 23, 30] |

Plaintiff Olga Urista filed the instant action in Santa Clara County Superior Court for alleged predatory lending practices in connection with her home mortgage. The complaint asserts a claim for violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., as well as several state law claims for relief. Defendants Bank of America, N.A., BAC Home Loans Servicing LP, and Edrina Pavel (collectively "Bank of America") removed the matter here, asserting federal question jurisdiction. Defendant CalCounties consented to the removal.

Pursuant to Fed.R.Civ.P 12(b)(6), both defendants, Bank of America and CalCounties, filed motions to dismiss. All parties have expressly consented that all proceedings in this action may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. The court heard oral argument on these motions on October 4, 2011. Upon consideration of the moving papers

1 and oral argument, the court finds that the TILA claim for relief is not sufficiently pled as to all of
2 the defendants, and GRANTS the motions to dismiss with leave to amend within 10 days of the date
3 of this order. Furthermore, the court DENIES defendant Bank of America's Motion to Strike, and
4 GRANTS in part and DENIES in part its Requests for Judicial Notice. Finally, the court also
5 DENIES plaintiff's Request for Judicial Notice, filed with her Opposition to the Motions to
6 Dismiss.

**I. DEFENDANTS' MOTIONS TO DISMISS**

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. See Balistreri, 901 F.2d at 699. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Documents which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim for relief. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," meaning that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). See also Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). However, a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is not required to survive a

2

motion to dismiss. Bell Atlantic Corp., 550 U.S. at 570. Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." Id.

## DISCUSSION

A. TILA Claim

Plaintiff's complaint does not clearly indicate what specific TILA violations have occurred, nor does it clearly state what type of relief is sought. Assuming that plaintiff seeks both injunctive relief and damages, defendants have both argued that the complaint fails to state a claim for relief. The court agrees.

1. Rescission

The right of rescission under TILA does not apply to a "residential mortgage transaction"- i.e., a loan transaction to finance the acquisition of the borrower's residence. 15 U.S.C. § 1635(e)(1) and § 1602(w); Rivera v. BAC Home Loans Servicing, L.P., 756 F. Supp. 2d 1193, 1198 (N.D. Cal. 2010). Defendant Bank of America asserts that the mortgage refinance in this case is an acquisition and therefore exempt from the right of rescission. In the absence of authority to support such a claim, the court is not convinced that a refinance is an acquisition under TILA and therefore finds that the right of rescission applies to this transaction.

However, that right expires three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f). "[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." Beach v. Ocwen Federal Bank, 523 U.S. 410, 412, 118 S. Ct. 1408, 140 L.Ed.2d 566 (1998); see also King v. California, 784 F.2d 910, 913 (9th Cir. 1986) (holding that TILA, section 1635(f) is an "absolute limitation on rescission actions"). The Ninth Circuit construes section 1635(f) as a "statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002). In this case, the record indicates that the loan was signed on February 1, 2008, three years and several months before plaintiff filed this action. See Rivera, 756 F. Supp. 2d at 1198 (stating that "'if the borrower files his or her suit over three years from the date of a loan's consummation, a

1   court is powerless to grant rescission.'") (quoting Miguel, 309 F.3d at 1165)). Plaintiff did not timely
2   exercise her right to rescission.

3         Plaintiff Urista claims that the statute of limitations should be tolled because the defendants
4   failed to provide her with the information necessary to discover a TILA violation. Federal statutes of
5   limitations begin to toll when the claimant discovered or should have discovered the violation. Nat'l
6   Labor Relations Bd. v. Don Burgess Constr. Corp., 596 F.2d 378, 382-83 (9th Cir. 1979), citing
7   Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946). In cases of fraud, the statute of limitations does
8   not run until the fraud is discovered or should have been discovered through due diligence. See
9   Holmberg, 327 U.S. at 397. However, plaintiff must do more than allege that she was not provided
10  with the appropriate TILA notice of right to rescission. Were that sufficient to toll the state of
11  limitations, the three-year limit itself would be meaningless. The plaintiff has not alleged a knowing
12  and willful concealment of wrongdoing by defendants that would suffice to toll the statute of
13  limitations beyond its strict three year limit. This she must do, with particularized details.

14        Accordingly, to the extent plaintiff seeks rescission under TILA, her claim is dismissed as
15  against all defendants with leave to amend.

16      2.  <u>Damages</u>

17        To the extent plaintiff seeks damages under TILA, the defendants argue that her claim is not
18  properly brought against them. The defendants further contend that any such claim, even if it could
19  be made, is barred by the applicable statute of limitations. "TILA allows a plaintiff to seek damages
20  from a 'creditor,' or rescission from an assignee." Marzan v. Bank of America, 779 F. Supp. 2d
21  1140, (D. Haw. 2011); 15 U.S.C. §§ 1640, 1641(c). TILA does not apply to servicers of a loan. 15
22  U.S.C. § 1641(f); Manuel v. Discovery Home Loans, 2010 WL 2889510 *2-3 (N.D. Cal., July 22,
23  2010); Pacheco v. Homecomings Financial, LLC, 2010 WL 2629887 *10 n.5 (N.D. Cal., June 29,
24  2010). The complaint actually states that BAC Home Loans is a loan servicer (Complaint ¶ 6) and
25  does not specifically name which defendant(s) qualify as creditors. Moreover, "TILA is only a
26  'disclosure statute' and 'does not substantively regulate consumer credit but rather requires
27  disclosure of certain terms and conditions of credit before consummation of a consumer credit
28  transaction.'" Manuel, 2010 WL 2889510 *2-3 (quoting Hauk v. J.P. Morgan Chase Bank USA,

1 552 F.3d 1114, 1120 (9th Cir. 2009)). The complaint asserts that all of the defendants knew of
2 alleged improprieties in the loan modification process and benefitted from them. But there are
3 insufficient facts to support such an allegation, especially as to defendant CalCounties. Accordingly,
4 insofar as plaintiff seeks damages against any or all of the defendants under TILA, her claim is
5 dismissed as to all defendants with leave to amend.

6 Moreover, even if the plaintiff could, on the facts alleged, conceivably state a TILA claim
7 for damages against some entity or person, her claim is time-barred. Claims for damages under
8 TILA are barred by a one-year statute of limitations, which begins to run "from the date of
9 consummation of the transaction." See King, 784 F.2d 910, 915 (9th Cir. 1986); see also 15 U.S.C.
10 § 1640(e). In the instant case, plaintiff's TILA claims arose, at the latest, at the closing of her loan
11 modification on February 1, 2008. (Complaint ¶ 26). Plaintiff did not file the instant action until
12 June of 2001, several years after the limitations period expired. "[E]quitable tolling may, in the
13 appropriate circumstances, suspend the limitations period until the borrower discovers or had
14 reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA
15 action." Id. at 915. A motion to dismiss on statute of limitations grounds should be granted only
16 when the assertions of the complaint, read with the required liberality, would not permit the plaintiff
17 to prove that the limitations period was tolled. See Plascencia v. Lending 1st Mortgage, 583 F.
18 Supp.2d 1090, 1097 (N.D. Cal. 2008) (citing Durning v. First Boston Corp., 815 F.2d 1265, 1268
19 (9th Cir. 1987)). The doctrine of equitable tolling applies in situations where, despite all due
20 diligence, the party invoking the doctrine is unable to obtain vital information bearing on the
21 existence of the claim, or where he has been induced or tricked by his adversary's misconduct into
22 allowing the deadline to pass. Hensley v. United States, 531 F.3d 1052, 1057-58 (9th Cir. 2008).
23 Plaintiff must provide facts "to explain how defendants concealed the true facts or why plaintiff
24 could not otherwise have discovered the TILA violations at the consummation of her loan." Wong
25 v. American Servicing Co., Inc., 2009 WL 5113516 (E.D. Cal. Dec. 18, 2009).

26 Here, plaintiff has not presented any facts to explain why she was unable to discover the
27 violation within the statutory period. Her statement in her opposition to defendant's motion to
28 dismiss that she never even looked at the loan documents until a foreclosure action was initiated in

late 2010 (Docket No. 22, pp.1-2) fails to show that she was unable to discover a violation *despite all due diligence*. Accordingly, to the extent plaintiff seeks damages under TILA, her claim is dismissed as untimely. As currently pled, this court concludes that plaintiff has not properly asserted a TILA claim against any of the defendants. However, to the extent plaintiff believes that she has a viable TILA damages claim against any or all of the defendants, and because the applicability of equitable tolling generally depends on matters outside the pleadings, Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006), plaintiff may amend this claim if, in compliance with Fed. R. Civ. P. 11, she can truthfully allege facts that would support a TILA damages claim, as well as equitable tolling of the limitations period.

B. State Law Claims

In light of the court's dismissal with leave to amend of the TILA claim, the only asserted basis for federal jurisdiction, the court declines to consider the state claims at this time. Accordingly, these claims are also dismissed, with leave to amend. Should the plaintiff file an amended complaint that adequately pleads a TILA claim and a tolling of the statute of limitations under TILA, the court may exercise supplemental jurisdiction over the state claims. See 28 U.S.C. 1367.

**II. DEFENDANT BANK OF AMERICA'S MOTION TO STRIKE**

Pursuant to Fed. R. Civ. P. 12(e), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike are a drastic remedy and are only appropriate when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." LeDuc v. Kentucky Cent. Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992).

Bank of America's motion to strike two paragraphs of the plaintiff's complaint and plaintiff's prayer for punitive damages and fees fails under the above standard, and in the case of plaintiff's prayer for relief, is premature. Defendant's motion to strike is therefore DENIED.

6

**III. PARTIES' REQUESTS FOR JUDICIAL NOTICE**

A. <u>Defendant's Requests</u>

Defendant Bank of America asks this court to take judicial notice of five documents: (1) an Adjustable Rate Note dated and signed by plaintiff Olga Urista on January 30, 2008; (2) a Deed of Trust dated and signed by plaintiff on January 30, 2008 and recorded with the Santa Clara County Recorder on February 6, 2008; (3) a Notice of Trustee's Sale recorded with the Santa Clara County Recorder on February 6, 2008; (4) a Notice of Default and Election to Sell Under Deed of Trust, recorded with the Santa Clara County Recorder on March 4, 2011; and (5) a Federal Truth in Lending Statement, dated and signed by plaintiff on January 30, 2008.

In deciding a motion to dismiss, the court is ordinarily limited to only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." <u>Swartz v. KPMG, LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007). A court may take judicial notice of facts that are not subject to reasonable dispute. Fed. R. Evid. 201. Such facts include matters of public record. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001). Three of the five documents, the Deed of Trust, the Notice of Trustee's Sale, and the Notice of Default and Election to Sell Under Deed of Trust, were recorded with the Santa Clara County Recorder and are therefore in the public record, so the court will take notice of them.

B. <u>Plaintiff's Requests</u>

Plaintiff Urista asks this court to take judicial notice of five documents: (1) a Loan Application dated October 17, 2007 and signed by plaintiff on February 1, 2008; (2) a HUD-1 form dated January 13, 2008; (3) a HUD-1 form dated February 6, 2008; (4) a letter from BAC Home Loans Servicing to plaintiff dated April 28, 2011; and (5) an Associated Press article. None of the five documents constitute facts that are not subject to reasonable dispute and which are in the public record. The first four documents are not in the public record and are subject to dispute based on allegations contained throughout the plaintiff's complaint. While the fifth document, the Associated Press article, is in the public record, it is not itself a "fact" appropriate for judicial notice. Accordingly, plaintiff's request is DENIED.

7

**CONCLUSION**

Based on the foregoing, it is ORDERED that:

1. Insofar as plaintiff seeks to assert a claim for rescission under TILA, her claim is dismissed with leave to amend,
2. Plaintiff's TILA claim for damages is dismissed as to all defendants with leave to amend.
3. This court declines to exercise supplemental jurisdiction over plaintiff's state law claims and dismisses them without prejudice.
4. Defendant Bank of America's motion to strike is denied in its entirety.
5. Defendant Bank of America's request for judicial notice is granted as to the Deed of Trust, the Notice of Trustee's Sale, and the Notice of Default, and denied as to the other documents.
6. Plaintiff's request for judicial notice is denied in its entirety.
7. Plaintiff's amended complaint shall be filed within ten days of the date of this order.

**SO ORDERED.**

Dated: October 18, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-03097 Notice will be electronically mailed to:**

| | |
|---|---|
| Andrea McDonald Hicks | hicksa@bryancave.com, angela.howard@bryancave.com, dominic.sims@bryancave.com |
| Christina Yu | christinay@hhlawgroup.com, katiec@hhlawgroup.com |
| Joseph Vincent Quattrocchi | quattrocchij@bryancave.com, batese@bryancave.com, grace.wayte@bryancave.com, janette.palaganas@bryancave.com |
| Patricia Ann Boyes | patricia@boyeslegal.com |
| Stuart Winston Price | swprice@bryancave.com, brenda.vaziri@bryancave.com, holly.ottiger@bryancave.com |
| Jean Claire Wilcox | jeanw@hhlawgroup.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**