THE LAW FIRM OF PATRICIA A. BOYES
PATRICIA A. BOYES [SBN:244335]
560 S. Winchester Blvd., Suite 500
San Jose CA 95128
Tel: (408) 572-5665
Fax: (408) 572-5601
E-Mail: patricia@boyeslegal.com

Attorneys for Plaintiff
OLGA URISTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| OLGA URISTA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL HOME LOAN MORTGAGE CORP. dba FREDDIE MAC, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, EDRINA PAVEL, CALCOUNTIES TITLE NATION and DOES 1-10, inclusive,<br><br>Defendants | Case No.: CV11-03097<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP AND EDRINA PAVEL'S, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Filed concurrently with Defendants' Notice and Motion to Dismiss Pursuant to Rule 12(b)(6), Request for Judicial Notice, and [Proposed] Order]<br><br>**Date:    December 20, 2011**<br>**Time:    10:00 a.m.**<br>**Dept.:    Courtroom 2, 5th Floor**<br><br>**Magistrate Judge Howard R. Lloyd**<br><br>**DATE ACTION FILED: JUNE 6, 2011**<br>**TRIAL DATE: NOT YET ASSIGNED** |

////

////

# MEMORANDUM OF POINTS AND AUTHORITIES INTRODUCTION

## I.

## INTRODUCTION

On or about June 6, 2011, Plaintiff filed her Complaint in the Superior Court of the State of California, County of Santa Clara entitled Olga Urista, v. Bank of America, N.A., et al., SantaClara County Case No. 111CV202395. Defendants were served on June 7, 2011 and removed to this Court on June 23, 2011.

Bank of America, N.A, individually and as successor by merger to BAC Home LoansServicing, LP, and Edrina Pavel ("Defendants") filed a Motion to Dismiss which was heard on October 4, 2011.

The Court granted the motion to dismiss, with leave to amend both on the TILA claims and on the state law claims. The court declined to consider the state law claims at that time but stated in the order that "these claims are also dismissed, with leave to amend."

On October 26, 2011, Plaintiff, Olga Urista, filed a First Amended Complaint ("FAC") against Bank of America, N.A., BAC Home Loans Servicing, LP, Edrina Pavel and adding Freddie Mac as a new defendant, ("Defendants") alleging negligence, fraud, misrepresentations, breach of the covenant of good faith and fair dealing and TILA violations relating to Plaintiff's mortgage loan that she obtained from Bank of America in 2008. Negligence and the Breach of the Covenant of Good Faith and Fair Dealing were added as new causes of

action.

Sometime after the inception of the loan, Freddie Mac became, and currently is, the lender/investor for the loan. Freddie Mac was served with the FAC on November 3, 2011 but it has not appeared in the case yet. Counsel for Bank of America does not represent Freddie Mac and therefore any arguments made by Bank of America in its Motion to Strike, regarding Freddie Mac, must be disregarded.

Defendants contend that Plaintiff filed the FAC adding an additional party and new causes of action, without the court's leave to amend her original Complaint. Plaintiff disagrees.

## II.

### THE COURT SHOULD NOT STRIKE THE FIRST AND FIFTH CAUSES OF ACTION IN PLAINTIFF'S FAC OR THE FAC IN ITS ENTIRETY AS AGAINST FREDDIE MAC

Federal Rule of Civil Procedure 15(a) (1) and (2) respectively, provide in relevant part that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Trial courts have been instructed that "this mandate is to be heeded." (*Foman v. Davis* 371 U.S. 178, 182 (1962.)

The "right" to amend is broad; it encompasses the right to make "simple changes in phraseology as well as to add a new cause or theory of action."

(*Farrell v. Hollingsworth* F.R.D. 362, 363 (D.S.C. 1968).)  Indeed, "(i)f the underlying facts or circumstances relied upon by a Plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." (*Pittston Co. v. United States* 199 F. 3d 694, 705 (4th Cir. 1999).) Moreover, courts regularly allow plaintiffs to amend to "amplify" previously alleged claims.  See 6 Wright & Miller, Federal Practice & Proc. § 1474 n. 9 (1990).  The right to amend is so broad that "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." (*Edwards v. city of Goldsboro* 178 F. 3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.* 785 F. 2d 503, 509 (4th Cir. 1986)) (emphasis in original).

Here, Defendants cannot claim prejudice.  A common example of prejudice is amendment that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." (*Johnson v. Oroweat Foods Co.* 785 F. 2d 503, 510 (4th Cir. 1986).)  A non-prejudicial amendment is one that merely adds an additional claim on facts already pleaded. (See *Davis v. Piper Aircraft* 615 F. 2d. 606, 613 (4th Cir. 1980).)

Defendants will not suffer any prejudice by allowing Plaintiff to add the first and fifth causes of action.  The additional causes of action are based on the same facts, relate to the same property and arise out of the same

transaction as the original five causes of action.

Moreover, neither Bank of America nor Freddie Mac can claim any surprise at the formal inclusion of Freddie Mac as a new defendant since Bank of America informed Plaintiff after the original complaint was filed that Freddie Mac was the true lender/investor on the loan.

Furthermore, Plaintiff's amendments to her FAC are not futile but rather provide an amplification of the factual basis for the claims previously pled.

For the reasons stated above, the court should deny Defendants' Motion to Strike the first and fifth causes of action in Plaintiff's FAC and Defendants' Motion to Strike Plaintiff's FAC in its entirety against Freddie Mac.

### III.

### CONCLUSION

Plaintiff was granted leave of court to amend her complaint and she did so properly and timely. Therefore, Plaintiff respectfully requests that Defendants' Motion to Strike be denied in its entirety.

Date: _____

                                        THE LAW OFFICE OF
                                        PATRICIA A. BOYES

                                        By _____
                                           PATRICIA A. BOYES
                                          Attorneys for Plaintiff
                                          OLGA URISTA

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP AND EDRINA PAVEL'S, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT