THE LAW FIRM OF PATRICIA A. BOYES
PATRICIA A. BOYES [SBN:244335]
560 S. Winchester Blvd., Suite 500
San Jose CA 95128
Tel: (408) 572-5665
Fax: (408) 572-5601
E-Mail: patricia@boyeslegal.com

Attorneys for Plaintiff
OLGA URISTA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| OLGA URISTA, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>FEDERAL HOME LOAN MORTGAGE CORP. dba FREDDIE MAC, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP, EDRINA PAVEL, CALCOUNTIES TITLE NATION and DOES 1-10, inclusive,<br><br>    Defendants | Case No.: CV11-03097<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT, CAL COUNTIES TITLE NATION'S, MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[**Filed concurrently with Defendants' Notice and Motion to Dismiss Pursuant to Rule 12(b)(6)]<br><br>**Date:** December 20, 2011<br>**Time:** 10:00 a.m.<br>**Dept.:** Courtroom 2, 5th Floor<br><br>**Magistrate Judge Howard R. Lloyd**<br><br>**DATE ACTION FILED: JUNE 6, 2011<br>TRIAL DATE: NOT YET ASSIGNED** |

////

////

////

////

# MEMORANDUM OF POINTS AND AUTHORITIES INTRODUCTION

## I.

## **INTRODUCTION**

On or about June 6, 2011, Plaintiff filed her Complaint in the Superior Court of the State of California, County of Santa Clara entitled Olga Urista, v. Bank of America, N.A., et al., SantaClara County Case No. 111CV202395. Defendants were served on June 7, 2011 and removed to this Court on June 23, 2011.

Defendant, Cal Counties, filed a Motion to Dismiss which was heard on October 4, 2011.

The Court granted the motion to dismiss, with leave to amend both on the TILA claims and on the state law claims. The court declined to consider the state law claims at that time but stated in the order that "these claims are also dismissed, with leave to amend."

On October 26, 2011, Plaintiff, Olga Urista, filed a First Amended Complaint ("FAC") against Bank of America, Edrina Pavel, Cal Counties Title Nation and added Freddie Mac as a new defendant ("Defendants") alleging negligence, fraud, misrepresentations, breach of the covenant of good faith and fair dealing and TILA violations relating to Plaintiff's mortgage loan that she obtained from Bank of America in 2008. Negligence and the Breach of the Covenant of Good Faith and Fair Dealing were added as new causes of action.

Sometime after the inception of the loan, Freddie Mac became, and

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT, CAL COUNTIES', MOTION TO STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

currently is, the lender/investor for the loan. Freddie Mac was served with the FAC on November 3, 2011 but it has not appeared in the case yet.

Defendants contend that Plaintiff filed the FAC adding an additional party and new causes of action, without the court's leave to amend her original Complaint. Plaintiff disagrees.

## II.

## **THE COURT SHOULD NOT STRIKE PORTIONS OF THE COMPLAINT**

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike "any redundant, immaterial, impertinent, or scandalous matter" in a complaint.

> "Immaterial" matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. "Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question."

However, the narrative sections that Defendants object to are material to Plaintiff's claims for relief, in that, Defendants' alleged actions in this case are typical of conduct that is a matter of public record regarding the pattern and practice of Banks and Title Companies in procuring and closing sub-prime mortgage loans between 2005 and 2007.

Furthermore, the narrative sections included in Plaintiff's complaint are necessary to show that Plaintiff's situation is not an isolated case but rather consistent with the type of improper procedures that were perpetrated on borrowers during that time period and for which borrowers are still suffering

the consequences.

For the reasons stated above, the court should deny Defendants' Motion to Strike portions of Plaintiff's complaint.

**III.**

**<u>PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES SHOULD NOT BE STRICKEN</u>**

Plaintiff's request for punitive damages should not be stricken because Plaintiff has properly alleged facts in support of her Fraud and Intentional Misrepresentation causes of action, which give rise to punitive damages and which are recoverable as a matter of law.

Plaintiff's complaint alleges specific facts regarding Defendant's fraudulent conduct by identifying itself as the settlement agent on the HUD-1 when, in fact, Cal Counties knew that Edrina Pavel, a Bank of America employee, was going to conduct the closing and notarize the loan documents. Cal Counties provided the loan documents to Edrina Pavel and prepared the HUD-1 with the false information. Nevertheless, Cal Counties collected fees for title and escrow services in connection with Plaintiff's loan. Procedures such as these misrepresent the nature of the transaction as arms length.

Cal Counties' conduct was intentional, despicable oppressive and malicious pursuant to Cal. Civ. Code § 3294.

Therefore, Plaintiff's prayer for punitive damages is well founded and should not be stricken.

////

**IV.**

**THE COURT SHOULD NOT STRIKE THE FIRST CAUSE OF ACTION FOR NEGLIGENCE IN PLAINTIFF'S FAC**

Federal Rule of Civil Procedure 15(a) (1) and (2) respectively, provide in relevant part that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Trial courts have been instructed that "this mandate is to be heeded." (*Foman v. Davis* 371 U.S. 178, 182 (1962.)

The "right" to amend is broad; it encompasses the right to make "simple changes in phraseology as well as to add a new cause or theory of action." (*Farrell v. Hollingsworth* F.R.D. 362, 363 (D.S.C. 1968).) Indeed, "(i)f the underlying facts or circumstances relied upon by a Plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." (*Pittston Co. v. United States* 199 F. 3d 694, 705 (4th Cir. 1999).) Moreover, courts regularly allow plaintiffs to amend to "amplify" previously alleged claims. See 6 Wright & Miller, Federal Practice & Proc. § 1474 n. 9 (1990). The right to amend is so broad that "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." (*Edwards v. city of Goldsboro* 178 F. 3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.* 785 F. 2d 503, 509 (4th

Cir. 1986)) (emphasis in original).

Here, Defendants cannot claim prejudice. A common example of prejudice is amendment that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." (*Johnson v. Oroweat Foods Co.* 785 F. 2d 503, 510 (4th Cir. 1986).) A non-prejudicial amendment is one that merely adds an additional claim on facts already pleaded. (See *Davis v. Piper Aircraft* 615 F. 2d. 606, 613 (4th Cir. 1980).)

Defendant CAL Counties will not suffer any prejudice by allowing Plaintiff to add the first cause of action for negligence. The additional causes of action are based on the same facts, relate to the same property and arise out of the same transaction as the original five causes of action.

Moreover, Cal Counties cannot claim any surprise at the Addition of a negligence cause of action since, as a title company, Cal counties owes Plaintiff a fiduciary duty as well as a duty of care.

Furthermore, Plaintiff's amendments to her FAC are not futile but rather provide an amplification of the factual basis for the claims previously pled.

For the reasons stated above, the court should deny Defendants' Motion to Strike the first cause of action in Plaintiff's FAC.

## V.

## **CONCLUSION**

Plaintiff was granted leave of court to amend her complaint and she did so

properly and timely.  Therefore, Plaintiff respectfully requests that Defendant, Cal Counties' Motion to Strike be denied in its entirety.

Date: ___11/21/11__  THE LAW OFFICE OF
PATRICIA A. BOYES


By __*Patricia A. Boyes*
PATRICIA A. BOYES
Attorneys for Plaintiff
OLGA URISTA