\*\* E-filed January 3, 2012 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OLGA URISTA,<br><br>        Plaintiff,<br>  v.<br><br>BANK OF AMERICA, N.A.; et al.,<br><br>        Defendants.<br>_____/ | No. C11-03097 HRL<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS; (2) DENYING DEFENDANTS' MOTIONS TO STRIKE; AND (3) DENYING THE BANK OF AMERICA DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>**[Re: Docket Nos. 63, 64, 65, 67]** |

      Plaintiff Olga Urista filed the instant action in Santa Clara County Superior Court for alleged predatory lending practices in connection with her home mortgage. The original complaint asserted a claim for violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., as well as several state law claims for relief. Defendants Bank of America, N.A., BAC Home Loans Servicing LP, and Edrina Pavel (collectively "Bank of America") removed the matter here, asserting federal question jurisdiction. Defendant CalCounties consented to the removal.

      All parties have expressly consented that all proceedings in this action may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Pursuant to Fed.R.Civ.P 12(b)(6), both defendants, Bank of America and CalCounties, filed motions to dismiss the original complaint, which the court granted on October 18, 2011. See Dkt. No. 52. Plaintiff timely filed her First Amended Complaint ("FAC"), which added two new claims for relief for negligence and violation of the covenant of good faith and fair dealing and added a defendant, the

1  Federal Home Loan Mortgage Corporation ("Freddie Mac"). Dkt. No. 54. Plaintiff asserts that she
2  served Freddie Mac with the FAC on November 3, 2011, but no certificate of service has been filed
3  and Freddie Mac has not answered the FAC or otherwise appeared in this action. See Dkt. No. 72, p.
4  3. CalCounties and the Bank of America defendants now move to dismiss the FAC and to strike
5  portions of the FAC. Dkt. Nos. 63, 65. Plaintiff has opposed the motions.

Upon consideration of the moving papers and oral argument, the court finds that the TILA claim for relief is not sufficiently pled as to any of the defendants, and that plaintiff cannot plead a tolling of the statute of limitations, and so GRANTS the Bank of America defendants' motion to dismiss the TILA claim without leave to amend. Further, the court GRANTS both motions to dismiss as to the state claims, with leave to amend. The court DENIES the Bank of America defendants' Motion to Strike, DENIES their Request for Judicial Notice, and DENIES defendant Calcounties' Motion to Strike.

**LEGAL STANDARD**

On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55 (2007). However, only plausible claims for relief will survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1950.

In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint. Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the

[plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)), amended on other grounds by 275 F.3d 1187 (9th Cir. 2001).

"A court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "'Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). An amendment would be "futile" if there is no set of facts can be proved which would constitute a valid claim or defense. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

**DISCUSSION**

I.  DEFENDANTS' MOTIONS TO DISMISS

A.  Plaintiff's Sixth Claim under the Federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1640 *et seq.* Against Bank of America Defendants

Plaintiff brings a claim for TILA violations against the Bank of America defendants only. The FAC does not clarify what specific TILA violations have occurred, nor does it clearly state what type of relief is sought. Defendants argue that Urista has failed to plead a tolling of the relevant statutes of limitations, and the court agrees.

1. Rescission

Within three days of consummation of any credit transaction in which a security interest is or will be retained or acquired in a customer's residence, the customer shall have right to rescind the transaction, and the creditor is required to provide notification of the right to rescind. 15 U.S.C. § 1635(a). However, that right expires three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f). "[Section] 1635(f)

1  completely extinguishes the right of rescission at the end of the 3-year period." <u>Beach v. Ocwen
2  Federal Bank</u>, 523 U.S. 410, 412, 118 S. Ct. 1408, 140 L.Ed.2d 566 (1998); <u>see also</u> <u>King v.
3  California,</u> 784 F.2d 910, 913 (9th Cir. 1986) (holding that TILA, section 1635(f) is an "absolute
4  limitation on rescission actions"). The Ninth Circuit construes section 1635(f) as a "statute of
5  repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside
6  the three-year limitation period." <u>Miguel v. Country Funding Corp.</u>, 309 F.3d 1161, 1165 (9th Cir.
7  2002). In this case, the record indicates that the loan was signed on February 1, 2008, three years
8  and several months before plaintiff filed this action. <u>See</u> <u>Rivera</u>, 756 F. Supp. 2d at 1198 (stating
9  that "'if the borrower files his or her suit over three years from the date of a loan's consummation, a
10 court is powerless to grant rescission.'" (quoting <u>Miguel</u>, 309 F.3d at 1165)). Plaintiff did not timely
11 exercise her right to rescission. In its October 18 order granting the defendants' motions to dismiss,
12 this court expressly notified the plaintiff that, to state a claim for rescission under TILA, she would
13 have to allege "a knowing and willful concealment of wrongdoing by defendants that would suffice
14 to toll the statute of limitations beyond its strict three year limit." <u>See</u> Dkt. No. 52, p. 4. Plaintiff has
15 not provided any additional facts to support a tolling of the statute of limitations and, given her
16 failure to even attempt to do so, the court believes that she cannot. Therefore, any claim plaintiff has
17 asserted for rescission under TILA is DISMISSED without leave to amend.

      2.   Damages

19 "TILA allows a plaintiff to seek damages from a 'creditor'. . . ." <u>Marzan v. Bank of
20 America</u>, 779 F. Supp. 2d 1140, (D. Haw. 2011); 15 U.S.C. §§ 1640, 1641(c). TILA does not apply
21 to servicers of a loan. 15 U.S.C. § 1641(f); <u>Manuel v. Discovery Home Loans</u>, 2010 WL 2889510
22 *2-3 (N.D. Cal., July 22, 2010); <u>Pacheco v. Homecomings Financial, LLC</u>, 2010 WL 2629887 *10
23 n.5 (N.D. Cal., June 29, 2010). This court dismissed plaintiff's original claim for damages under
24 TILA because she specifically asserted that BAC Home Loans Servicing was a loan servicer, and
25 did not allege that any of the other defendants qualified as "creditors" from whom damages might be
26 obtained. <u>See</u> Dkt. No. 1, Complaint, ¶ 6. As plaintiff has not amended any part of her FAC to
27 identify one or more of the defendants as a creditor, the court must DISMISS her claim for damages.

4

1    Moreover, even if plaintiff had asserted that one or more of the defendants was a creditor,
2    her claim is time-barred. Claims for damages under TILA are barred by a one-year statute of
3    limitations, which begins to run "from the date of consummation of the transaction." See King, 784
4    F.2d 910, 915 (9th Cir. 1986); see also 15 U.S.C. § 1640(e). In the instant case, plaintiff's TILA
5    claims arose, at the latest, at the closing of her loan modification on February 1, 2008. (Complaint ¶
6    26). Plaintiff did not file the instant action until June of 2011, several years after the limitations
7    period expired. "[E]quitable tolling may, in the appropriate circumstances, suspend the limitations
8    period until the borrower discovers or had reasonable opportunity to discover the fraud or
9    nondisclosures that form the basis of the TILA action." Id. at 915. A motion to dismiss on statute
10   of limitations grounds should be granted only when the assertions of the complaint, read with the
11   required liberality, would not permit the plaintiff to prove that the limitations period was tolled. See
12   Plascencia v. Lending 1st Mortgage, 583 F. Supp.2d 1090, 1097 (N.D. Cal. 2008) (citing Durning v.
13   First Boston Corp., 815 F.2d 1265, 1268 (9th Cir. 1987)). The doctrine of equitable tolling applies
14   in situations where, despite all due diligence, the party invoking the doctrine is unable to obtain vital
15   information bearing on the existence of the claim, or where he has been induced or tricked by his
16   adversary's misconduct into allowing the deadline to pass. Hensley v. United States, 531 F.3d 1052,
17   1057-58 (9th Cir. 2008). Plaintiff must provide facts "to explain how defendants concealed the true
18   facts or why plaintiff could not otherwise have discovered the TILA violations at the consummation
19   of her loan." Wong v. American Servicing Co., Inc., 2009 WL 5113516 (E.D. Cal. Dec. 18, 2009).

20   Plaintiff has not provided any additional facts in her FAC to explain how defendants
21   concealed true facts or why plaintiff could not have discovered the TILA violation within the
22   statutory period. Instead, she offers two paragraphs that assert that the one-year statute of limitations
23   does not bar her claim. The court notes that plaintiff provides no legal authority for these assertions,
24   and the Bank of America defendants only briefly address the legal insufficiency of these claims in
25   their reply brief. See Dkt. No. 76, pp. 9-10.

26   First, plaintiff claims that 15 U.S.C. § 1640 "does not bar a person from asserting a violation
27   of § 1640 *in an action to collect the debt* which was brought, as is the case here, more than one year
28   from the date of the occurrence of the violation *as a matter of defense by recoupment or set-off in*

*such action.*" FAC ¶ 85 (citing 15 U.S.C. § 1640(e)) (emphasis added). Second, plaintiff claims that the statute of limitations does not bar a consumer in default from asserting a violation of § 1640 "as an original action, or as a defense or counterclaim to an action to collect amounts owed by the consumer brought by a person liable under § 1640." FAC ¶ 86 (citing 15 U.S.C. § 1640(h)).

Courts have consistently held that where a plaintiff has not stated facts to explain why she was unable to discover the violation within the limitations period, there is no equitable tolling and the plaintiff's claim must fail. See, e.g., Lingad v. IndyMac Fed. Bank, 682 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) ("[W]hen a plaintiff fails to allege any facts demonstrating that the TILA violations alleged could not have been discovered by due diligence during the one-year statutory period, equitable tolling should not be applied."); Thielen v. GMAC Mortg. Corp., 671 F. Supp. 2d 947, 954 (E.D. Mich. 2009) ("the alleged acts giving rise to the TILA . . . claims cannot, standing alone, also support equitable tolling"); Boursiquot v. Citibank F.S.B., 323 F. Supp. 2d 350, 354 (D. Conn. 2004) (holding that "the statute of limitations will not be tolled even though the Boursiquots could not have discovered the nondisclosure when they closed the loan" because plaintiff failed to allege fraudulent concealment). Here, Urista has failed to offer any facts to support an equitable tolling due to fraudulent concealment by the defendants.

In addition, plaintiff's attempt to argue than § 1640(e) and § 1640(h) do not bar her claim despite the one-year statute of limitations is ineffective. A plain reading of § 1640(e) indicates that the one-year statute of limitations is exempted *only* in a recoupment or set-off claim, "when the debtor's claim is raised as a defense or a counterclaim to a creditor's 'action to collect the debt.'" Moor v. Travelers Ins. Co., 784 F.2d 632 (5th Cir. 1986). "When the debtor hales the creditor into court, . . . the claim by the debtor is affirmative rather than defense. As such, it is subject to the one- and three-year limitations provisions." Id., see also, Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp. 2d 1159, 1164 (S.D. Cal. 2009) ("[§ 1640(e)] makes recoupment available only as a 'defense' in an 'action to collect a debt'). Plaintiff has not even asserted a claim for recoupment or set-off, and indeed, because these claims are defenses in an action to collect debt, she cannot assert them in this matter. Accordingly, Urista's TILA claim is not exempt from the limitations provision pursuant to 1640(e).

Plaintiff's claim that § 1640(h) permits her to proceed despite the limitations provision also fails. § 1640(h) permits a consumer in default to raise a TILA violation as a defense in an action to collect brought by the alleged TILA violator, or as an original action where the consumer can state a TILA claim not barred by the one-year statute of limitations. See <u>Dawson v. Thomas (In re Dawson)</u>, 411 B.R. 1, 48 (Bankr. D.D.C. 2008) (defining § 1640(h)'s reference to "an original action" as meaning an action "not barred by the one-year statute of limitations"). In other bankruptcy proceedings, courts have determined that § 1640(h)'s purpose is to prohibit a creditor being sued under TILA from asserting the consumer's default as a defense to a valid, non-time-barred TILA claim. <u>Johnson v. Peoples Indep. Bank, N.A. (In re Johnson)</u>, 2008 Bankr. LEXIS 3371, *15, n. 9 (Bankr. N.D. Ala. Dec. 3, 2008) ("In other words, the consumer's default cannot be raised as a defense by the creditor who is being sued under TILA in the consumer's original action or in a counterclaim."). Existing authority clearly indicates that § 1640(h) is intended as a protection for consumers in default, to allow them to bring valid TILA claims despite their default status. Plaintiff has offered no authority, and the court is not aware of any, which permits a plaintiff to use § 1640(h) to bring a TILA claim otherwise barred by the one-year statute of limitations.

Plaintiff has failed to allege facts that support equitable tolling of the one-year statutes of limitations on TILA claims for damages. Neither has she offered valid legal authority for exempting this claim from the limitations provision. As plaintiff has not alleged any facts to support tolling despite this court's order express direction that she do so, the court finds that she is unable to plead tolling. Accordingly, her TILA claim is DISMISSED without leave to amend.

B. <u>Plaintiff's State Law Claims</u>

Without addressing the individual merits of each of plaintiff's state claims, the court finds that the FAC as presently set forth does not appear to allege state law claims upon which relief can be granted. In conclusory, broad brush fashion, plaintiff offers a jumble of claims arising out of at least two separate series of events: her obtaining of the loan, and—years later—the attempted loan modification and ensuing foreclosure proceeding instituted by Bank of America. Moreover, she alleges most of her claims against all the defendants and states that each acted as agent of and in

concert with the others, in spite of the fact that most of the defendants were only involved in either one or the other of the two series of events.

The court therefore GRANTS CalCounties' and the Bank of America defendants' motion to dismiss as to plaintiff's state law claims, with leave to amend. Plaintiff may file an amended complaint which clearly sets forth each claim for relief, the facts relevant thereto, and plausibly leads to the conclusion that defendants are liable for the claim asserted within 14 days of the date of this order.

## II.   DEFENDANTS' MOTION TO STRIKE

Both CalCounties and the Bank of America defendants have also moved to strike portions of plaintiff's complaint. CalCounties argues that the first claim for negligence against it should be stricken, as should plaintiff's request for punitive damages. Dkt. No. 64. The Bank of America defendants argue that both of the newly added claims, for negligence and violation of the covenant of good faith and fair dealing, should be stricken. Dkt. No. 67. In opposition, plaintiff correctly argues that in its October 18 order, this court granted her leave to amend both her TILA and state law claims. Dkt. No. 72. The court DENIES both of the motions to strike for the reasons stated below.

Federal Rule of Civil Procedure 15 permits a party to amend her pleading "once as a matter of course [and] . . . by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The right to amend is broad, and encompasses the right "to add a new cause or theory of action." Farrell v. Hollingsworth, 43 F.R.D. 362, 363 (D. S.C. 1968). Although the 9th Circuit has not addressed this issue, some California district courts have permitted plaintiffs to add new claims and parties when given leave to amend without limitation. See, e.g., Gilmore v. Union Pacific R. Co., 2010 U.S. Dist. LEXIS 50470, *4 (E.D. Cal. May 21, 2010) (allowing plaintiff to add new claims without having asked leave because court had granted leave to amend without limitation and defendants would not be prejudiced); DeLeon et al. v. Wells Fargo Bank et al., 2010 U.S. Dist. LEXIS 112941, *8-9 (N.D. Cal. Oct. 22, 2010) (finding that plaintiff was required to seek leave to amend to add new claims when prior dismissal specified only limited amendment had been granted).

8

In this case, the court granted plaintiff leave to amend without limitation, and while plaintiff would have been prudent to request leave to amend to add new claims and parties, the court will not elevate form over substance to strike the new claims and Freddie Mac. Thus, the Motions to Strike are DENIED.

The court also notes that by adding Freddie Mac as a party, the plaintiff confers federal subject matter jurisdiction over this action. See 12 U.S.C. § 1452. It remains to be seen whether plaintiff has effectively pleaded a claim for relief against the new defendant.

### III.  BANK OF AMERICA DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Finally, the Bank of America defendants request judicial notice of three documents. These three documents have already been judicially noticed. See Dkt. No. 52, p. 7. Defendants' request is redundant, and therefore DENIED as MOOT.

### CONCLUSION

Based on the foregoing, it is ORDERED that:

1. Plaintiff's TILA claim is dismissed without leave to amend.
2. Plaintiff's remaining claims are dismissed with leave to amend.
3. Both of the pending motions to strike are denied.
4. Bank of America's request for judicial notice is denied as moot.
5. Plaintiff's amended complaint shall be filed and served on defendants within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated: January 3, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-03097 Notice will be electronically mailed to:**

| | |
|---|---|
| Andrea McDonald Hicks | hicksa@bryancave.com, angela.howard@bryancave.com, dominic.sims@bryancave.com |
| Christina Yu | christinay@hhlawgroup.com, katiec@hhlawgroup.com |
| Joseph Vincent Quattrocchi | quattrocchij@bryancave.com, batese@bryancave.com, grace.wayte@bryancave.com, janette.palaganas@bryancave.com |
| Patricia Ann Boyes | patricia@boyeslegal.com |
| Stuart Winston Price | swprice@bryancave.com, brenda.vaziri@bryancave.com, holly.ottiger@bryancave.com |
| Jean Claire Wilcox | jeanw@hhlawgroup.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**