\*\* E-filed May 17, 2012 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OLGA URISTA,<br><br>        Plaintiff,<br>  v.<br><br>BANK OF AMERICA, N.A.; et al.,<br><br>        Defendants.<br>_____/ | No. C11-03097 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATIONS**<br><br>[Re: Docket Nos. 91, 92, 93] |

## I. BACKGROUND

Plaintiff Olga Urista filed the instant action in Santa Clara County Superior Court for alleged predatory lending practices in connection with her home mortgage. The original complaint asserted a claim for violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., as well as several state law claims for relief. Defendants Bank of America, N.A., BAC Home Loans Servicing LP, and Edrina Pavel (collectively "Bank of America") removed the matter here, asserting federal question jurisdiction. Defendant CalCounties consented to the removal.

Pursuant to Fed. R. Civ. P. 12(b)(6), Bank of America and CalCounties moved to dismiss the original complaint, which the court granted on October 18, 2011. See Dkt. No. 52. Plaintiff timely filed her First Amended Complaint ("FAC"), which added two new claims for relief for negligence and violation of the covenant of good faith and fair dealing and added a defendant, the Federal Home Loan Mortgage Corporation ("Freddie Mac"). Bank of America and CalCounties again

1  moved to dismiss, and to strike plaintiff's newly added claims and parties. Dkt. Nos. 63, 65. On
2  January 3, 2012, the court dismissed the TILA claim without leave to amend, and dismissed
3  plaintiff's remaining claims with leave to amend. Dkt. No. 86.

4  Plaintiff then filed a Second Amended Complaint ("SAC"), in which she restates her state
5  law claims for negligence, fraud and deceit, negligent and intentional misrepresentation, violations
6  of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 *et seq.*, violation of
7  the covenant of good faith and fair dealing, quiet title and declaratory relief, and states a new claim
8  for wrongful foreclosure. See Dkt. No. 89 ("SAC"). She adds two new parties: Quality Loan Service
9  Corp. ("Quality") and PRLAP, Inc. ("PRLAP"). Id.

10  Now, Freddie Mac and Bank of America move to dismiss the SAC and to strike the new
11  claims and parties therein. Dkt. Nos. 91, 93. CalCounties also moves to dismiss the claims against it.
12  Dkt. No. 94. Urista has opposed these motions. The court held a hearing on the motions to dismiss
13  and to strike on March 13, 2012. Most recently, newly added defendant Quality also moved to
14  dismiss. Dkt. No. 120.

15  Because not all parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C.
16  § 636(c), the court is unable to grant the dispositive relief it concludes is appropriate. Accordingly,
17  the court ORDERS the Clerk to reassign this case to a district judge. Further, the court
18  RECOMMENDS that the newly assigned judge GRANT Freddie Mac's motion and dismiss all
19  claims against Freddie Mac without leave to amend, and remand the remainder of the case to state
20  court, denying without prejudice all other pending motions.

## II. DISCUSSION

I.  FREDDIE MAC AND BANK OF AMERICA DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

24  Freddie Mac and Bank of America request judicial notice of six documents in support of
25  their joint motion to dismiss. Dkt. No. 92. Three of these documents have already been judicially
26  noticed. See Dkt. No. 52, p. 7. Moreover, in its order granting defendants' motion to dismiss the
27  FAC, this court already confirmed that these documents have been judicially noticed and indicated
28  that the repeated request for judicial notice was redundant. See Dkt. No. 86, p. 9. The defendants are

1  advised that there is no need to continue to request notice of these documents. As to the Deed of
2  Trust, the Notice of Default, and the Notice of Trustee's Sale, defendants' request is redundant, and
3  therefore the court RECOMMENDS that they be denied as moot.

4        The remaining three documents, an Assignment of Deed of Trust, a Substitution of Trustee,
5  and a Substitution of Trustee and Full Reconveyance, have all been recorded with the Santa Clara
6  County Recorder. See Dkt. No. 92, Exh. 1. pp. 27, 30, 40. A court may take judicial notice of facts
7  that are not subject to reasonable dispute. Fed. R. Evid. 201. Such facts includes matters of public
8  record. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Since these three documents
9  have all been recorded with the Santa Clara County Recorder, they are part of the public record, and
10 the court may take judicial notice of them. Therefore, as to the Assignment of Deed of Trust, the
11 Substitution of Trustee, and the Substitution of Trustee and Full Reconveyance, the court
12 RECOMMENDS that defendants' request for judicial notice be granted.

13     II.    FREDDIE MAC AND THE BANK OF AMERICA DEFENDANTS' MOTION TO
14          DISMISS

15 LEGAL STANDARD

16       On motion, a court may dismiss a complaint for failure to state a claim. FED. R. CIV. P.
17 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing
18 the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). The statement must "raise a right to relief
19 above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 55 (2007). Only plausible
20 claims for relief will survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937,
21 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw
22 the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. A
23 plaintiff does not have to provide detailed facts, but the pleading must include "more than an
24 unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1950.

25       In deciding a motion to dismiss, the court is ordinarily limited to the face of the complaint.
26 Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). The factual
27 allegations pled in the complaint must be taken as true and reasonable inferences drawn from them
28 must be construed in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336,

3

337-38 (9th Cir. 1996); Mier v. Owens, 57 F.3d 747, 750 (9th Cir. 1995) (citing Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987)). However, the court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994)), amended on other grounds by 275 F.3d 1187 (9th Cir. 2001).

"A court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "'Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.'" Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (internal citations omitted). A complaint may be dismissed with prejudice when plaintiff has "multiple opportunities to amend and [is] unable to cure the defects that required dismissal of [] previous complaints." Metzler Inv. GMBH v. Corinthian Colleges, Inc., 540 F.3d 1049, 1060 (9th Cir. 2008).

DISCUSSION

Freddie Mac and Bank of America have jointly moved to dismiss all claims against them. However, because plaintiff's claims are all based in state law, and complete diversity is lacking between the parties, Freddie Mac's presence in this action is the sole source of federal subject matter jurisdiction over the case. See 12 U.S.C. § 1452(f) (conferring federal jurisdiction over all actions to which Freddie Mac is a party). Therefore, the court will first consider plaintiff's claims against Freddie Mac individually, and will consider plaintiff's claims against the other defendants only if it determines that plaintiff has stated a claim for relief against Freddie Mac that survives the pending motion to dismiss.

A. Plaintiff's Failure to Allege Tender

Freddie Mac moves to dismiss all of plaintiff's claims because she has not alleged that she is prepared to tender all amounts due under her loan. Dkt. No. 91, p. 4. "[T]o maintain any cause of action for irregularity in the sale procedure," plaintiff must allege tender of the full amount owed

under the loan. Abdallah v. United Savings Bank, 43 Cal. App. 4th 1101, 1109 (Cal. App. 1st Dist. 1996). But, when a plaintiff challenges the validity of the underlying debt, "'tender is not required since it would constitute an affirmation of the debt.'" Kurek v. America's Wholesale Lender, 2010 U.S. Dist. LEXIS 75401 (N.D. Cal. July 26, 2010) (quoting Onofrio v. Rice, 55 Cal. App. 4th 413, 424 (1997).

Plaintiff's sixth claim for wrongful foreclosure and seventh claim to quiet title do require an allegation of tender, and the court RECOMMENDS that they be dismissed for failure to so allege. Plaintiff alleges in the SAC that technical errors render the foreclosure invalid. See SAC ¶¶ 89-96. In support of her claim for wrongful foreclosure, plaintiff states that Quality was not lawfully appointed as the trustee, that Bank of America did not hold the original note, that she was not provided adequate written notice of the foreclosure, and that Bank of America failed to modify plaintiff's loan upon her request. Id. at ¶¶ 90-92. In support of her claim for quiet title, plaintiff offers almost no factual support, but states she is challenging Freddie Mac and Bank of America's "claim of title." Id. at ¶ 98. These are precisely the sort of allegations that challenge the foreclosure process and require an allegation of tender. Because this is plaintiff's third attempt at a complaint and she has never made an allegation of ability to tender, the court concludes that she is not prepared to do so. Accordingly, the court RECOMMENDS that the newly assigned judge dismiss plaintiff's claims for wrongful disclosure and quiet title without leave to amend.

Because plaintiff's remaining state law claims challenge the validity of the debt itself, the failure to allege tender does not necessarily warrant dismissal.

B. Claims Premised Upon HAMP Violations

Several of plaintiff's claims impermissibly rely on alleged violations of the Home Affordable Modification Program ("HAMP"), a federal loan modification program provided for under the Troubled Asset Relief Program. 12 U.S.C. § 5211. In the context of government contracts, such as HAMP, there is a presumption that any beneficiaries are only incidental beneficiaries. "Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary." Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1211 (9th Cir.1999). The vast majority of courts

to consider whether borrowers are intended beneficiaries of HAMP have determined that they are not and that HAMP provides no private right of action to a borrower. See Hoffman v. Bank of America, N.A., No C10-2171 SI, 2010 WL 2635773, at *3 (N.D. Cal. June 30, 2010) (collecting cases).

Plaintiff's claims against Freddie Mac for negligence and violation of the covenant of good faith and fair dealing rely on alleged HAMP violations and therefore must fail. Both of these claims are premised on the allegation that Freddie Mac failed to abide by HAMP provisions regarding loan modification applications and initiating foreclosure proceedings. See SAC ¶¶ 57-58, 86-87. Because a borrower has no private right of action under HAMP, both of these claims must fail. Accordingly, the court RECOMMENDS that the newly assigned judge dismiss the claims for negligence and violation of the implied covenant of good faith and fair dealing against Freddie Mac, without leave to amend.

### C. Plaintiff's Second Claim for Fraud

Plaintiff claims in the SAC that all defendants committed fraud against her through various acts connected to her loan modification efforts and the foreclosure events. SAC ¶¶ 63-72. To prove fraud under California law, Urista must establish: (1) misrepresentation, (2) scienter or knowledge of its falsity, (3) intent to induce reliance (intent to defraud), (4) actual, detrimental, and justifiable reliance, and (5) resulting damage. Hinesley v. Oakshade Town Ctr., 135 Cal. App.4th 289, 294 (2005). Additionally, the Federal Rules of Civil Procedure require that fraud be pled "with particularity" and "must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. Cal. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)).

Plaintiff alleges that all of the defendants defrauded her by "instituting improper . . . foreclosure proceedings," "executing and recording false and misleading loan documents," "acting as beneficiaries and trustees without . . . legal authority," "failing to follow HAMP guidelines," and "misrepresenting the foreclosure status of their properties to borrowers." SAC ¶ 67. She makews no allegations whatsoever that address alleged fraud by Freddie Mac. These broad allegations, nonspecific to any individual defendant(s), do not state a claim for fraud.

Accordingly, plaintiff has failed to state a claim for fraud against Freddie Mac, and the court RECOMMENDS that the newly assigned judge dismiss the claim against Freddie Mac. Moreover, because this is plaintiff's third unsuccessful attempt to state a claim for fraud, the court concludes that she could not possibly state a claim if given further leave to amend, and therefore RECOMMENDS dismissal without leave to amend.

Freddie Mac argues that this claim is also barred by the applicable statute of limitations. Dkt. No. 91, p. 6. Because the court concludes that plaintiff's fraud claim should be dismissed, it declines to decide whether such a claim, if properly pled, would be barred by the applicable statute of limitations.

### D. Plaintiff's Third Claim for Negligent or Intentional Misrepresentation

Plaintiff broadly claims that all defendants, directly or indirectly, made false representations, concealments, and nondisclosures that constitute either negligent or intentional misrepresentation. In California, negligent and intentional misrepresentation are species of the tort of deceit. Bily v. Arthur Young & Co., 3 Cal. 4th 370, 407 (1992). Negligent misrepresentation is "the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true." Conroy v. Regents of University of California, 45 Cal. 4th 1244, 1255 (2009). Intentional misrepresentation is comprised of seven elements: "(1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff." Manderville v. PCG&S Group, Inc., 146 Cal. App. 4th 1486, 1498 (Cal. App. 4th Dist. 2007). Like a claim for fraud, a claim for misrepresentation must be pled with particularity as that term is defined by Federal Rule of Civil Procedure 9(b). Glen Holly Entertainment, Inc. v. Tektronix, Inc., 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999).

Once again, plaintiff has pled, in broad-brush, jumbled, and unclear fashion, a series of alleged misrepresentations against all defendants, without connecting any of the alleged acts to any

individual defendant or explaining what allegedly misleading statements were made. At no point does plaintiff even mention Freddie Mac in her claim. She offers only conclusory allegations that she relied on the alleged misrepresentations and that her reliance was a substantial factor in causing her resulting harm.

On the facts as plaintiff has alleged them, the court cannot sustain her claim for negligent or intentional misrepresentation against Freddie Mac. In light of plaintiff's multiple opportunities to state this claim, and her inability to set forth any specific allegations in support of a claim for negligent or intentional misrepresentation, the court concludes that plaintiff could not possibly state a claim even if given further leave to amend. Accordingly, the court RECOMMENDS that the claim for negligent or intentional misrepresentation against Freddie Mac be dismissed without leave to amend.

E.   Plaintiff's Fourth Claim for Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

Plaintiff claims that all the defendants violated § 17200 *et seq.*, the California Unfair Competition Law ("UCL"), by engaging in unfair business acts and practices and fraudulent acts. A §17200 claim must be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. "'Violation of almost any federal, state, or local law may serve as the basis for a[n] unfair competition claim.'" Brewer v. Indymac Bank, 609 F. Supp.2d 1104, 1122 (E.D. Cal. 2009) (quoting Plascencia v. Lending 1st Mortgage, 583 F. Supp.2d 1090, 1098 (N.D. Cal. 2008)).

Plaintiff offers no specific allegations against Freddie Mac in her UCL claim. Plaintiff obviously intends to substantiate her UCL claim by showing that Freddie Mac and the other defendants violated one or more of the state common law claims she has raised. But, because this court concludes that none of her claims against Freddie Mac are adequately pled, it cannot conclude that Freddie Mac has committed a violation of law that could support her UCL claim.

Freddie Mac argues that plaintiff has no standing to bring a UCL because she has not alleged injury in fact. See Dkt. No. 91, p. 11. The court disagrees that this is what invalidates plaintiff's claim. Plaintiff has alleged that defendants instituted foreclosure proceedings against her, and it appears that she has had to file for bankruptcy as a result of these events. See SAC ¶ 47, 54. Clearly,

plaintiff has suffered injury as a result of the events that gave rise to this action. Rather, plaintiff has failed to adequately allege the violation of a law, which is necessary for a UCL claim.

Accordingly, the court RECOMMENDS that plaintiff's UCL claim against Freddie Mac be dismissed. Because this plaintiff's third unsuccessful attempt to state a claim under the UCL, the court concludes that she could not possibly state a claim even if given further leave to amend, and RECOMMENDS that the claim be dismissed without leave to amend.

Because the court concludes that all claims against Freddie Mac should be dismissed without leave to amend, it also finds that federal subject matter is lacking over the remainder if the action. Accordingly, the court RECOMMENDS that the newly assigned judge remand this case to state court and deny without prejudice all other pending motions.

### III. CONCLUSION

The court does sympathize with plaintiff's current situation. She has apparently attempted on numerous occasions to obtain a loan modification and is now in bankruptcy. Defendant Bank of America contends that plaintiff does not qualify for a modification, though this court will not weigh in on plaintiff's ability to pay modified loan payments. The court has given plaintiff several opportunities to amend her complaint in order to state viable claims for relief, and has admonished plaintiff that much more detailed allegations would be required in order for her complaint to survive a motion such as this one. In particular, the court instructed plaintiff not to make broad-brush allegations of agency between the defendants without providing supporting facts, yet plaintiff repeatedly included such allegations in both her FAC and SAC. See Dkt. Nos. 54, pp. 3-4; 89, pp. 3-5. Plaintiff apparently ignored this court's orders, because her SAC offers virtually no additional factual support and continues to rely on allegations that fail to set forth particular facts supporting claims against particular defendants. In light of this, the court is unable to conclude that any of her claims are adequately pled.

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Court judge. The undersigned further RECOMMENDS that the newly assigned judge:

9

(1) dismiss all claims against Freddie Mac without leave to amend and remand the case to state court;

(2) deny Freddie Mac and Bank of America's motion to strike as moot; and

(3) deny without prejudice Bank of America's motion to dismiss and motion to strike, CalCounties's motion to dismiss, and Quality's motion to dismiss, because it is not necessary to consider these motions in light of this court's recommendation for remand. Defendants may reassert their motions in state court following remand.

Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

Dated: May 17, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-03097 Notice will be electronically mailed to:**

| | |
|---|---|
| Allison Lippa | lippaa@bryancave.com |
| Charles Greene | scott.greene@bryancave.com |
| Andrea Hicks | hicksa@bryancave.com, angela.howard@bryancave.com, dominic.sims@bryancave.com |
| Michelle Cammarata | cammaratam@bryancave.com |
| Christina Yu | christinay@hhlawgroup.com, katiec@hhlawgroup.com |
| Patricia Ann Boyes | patricia@boyeslegal.com |
| Stuart Winston Price | swprice@bryancave.com, brenda.vaziri@bryancave.com, holly.ottiger@bryancave.com |
| Jean Claire Wilcox | jeanw@hhlawgroup.com |
| Joshua Moyer | jmoyer@qualityloan.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**